AB:ADR/JRS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | REMOVAL TO THE DISTRICT OF SOUTH CAROLINA |
| - against - | |
| DAQUA LAMEEK RITTER, | (Fed. R. Crim. P. 5) |
| Defendant. | Case No. 23-MJ-96 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

DANIEL LEWIS, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

On or about January 17, 2023, the United States District Court for the District of South Carolina issued a warrant for the arrest of the defendant DAQUA LAMEEK RITTER for violations of Title 18, United States Code, Sections 249 (hate crime), 924(c)(1) (using a firearm in a crime of violence), 924(j)(1) (causing death through the use of a firearm), 1512(b)(3) (obstruction) and 1001(a)(2) (false statements).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      On or about January 17, 2023, the United States District Court for the District of South Carolina issued a warrant for the arrest of the defendant DAQUA LAMEEK RITTER for violations of Title 18, United States Code, Sections 249 (hate crime), 924(c)(1)

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

(using a firearm in a crime of violence), 924(j)(1) (causing death through the use of a firearm), 1512(b)(3) (obstruction) and 1001(a)(2) (false statements). A true and correct copy of that warrant (the "Arrest Warrant") is attached as Exhibit A, and a true and correct copy of the indictment charging RITTER with violating Title 18, United States Code, Sections 249, 924(c)(1), 924(j)(1), 1512(b)(3) and 1001(a)(2) is attached as Exhibit B.

        2.        On January 30, 2023, members of the Federal Bureau of Investigation ("FBI") apprehended RITTER in the vicinity of 9056 Sutphin Boulevard in Jamaica, New York pursuant to the Arrest Warrant.

        3.        I have reviewed the Arrest Warrant and a driver's license photograph of DAQUA LAMEEK RITTER obtained during the underlying investigation. I observed that RITTTER's appearance is consistent with the driver's license photograph of the DAQUA LAMEEK RITTER wanted in the District of South Carolina. Upon his arrest, RITTER identified himself as DAQUA LAMEEK RITTER.

        WHEREFORE, your deponent respectfully requests that the defendant DAQUA LAMEEK RITTER be brought to the District of South Carolina so that he may be dealt with according to law.

                                          DANIEL LEWIS
                                          Special Agent
                                          Federal Bureau of Investigation

Sworn to before me this
___ day of January, 2023

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# **EXHIBIT A**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF SOUTH CAROLINA

United States of America
v.

DAQUA LAMEEK RITTER
*Defendant*

Case No. _CR 1:23-24_____

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* DAQUA LAMEEK RITTER,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:
Title 18, United States Code, Section 249, 924(c)(1), 924(j)(1), 1512(b)(3), 1001(a)(2)

Date: January 17, 2023

s/Mary L. Floyd, Deputy Clerk
*Issuing officer's signature*

City and state: Columbia, South Carolina

ROBIN BLUME
CLERK OF COURT
*Printed name and title*

| **Return** |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |
| Date: _____   Arresting officer's signature |
| Printed name and title |

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:23-24 |
| | ) | 18 U.S.C. § 249 |
| | ) | 18 U.S.C. § 924(j)(1) |
| vs. | ) | 18 U.S.C. § 1512(b)(3) |
| | ) | 18 U.S.C. § 1001(a)(2) |
| | ) | |
| | ) | |
| **DAQUA LAMEEK RITTER,** | ) | |
| a/k/a "Quavo" | ) | |
| **XAVIER PINCKNEY** | ) | **SEALED INDICTMENT** |

## COUNT 1

THE GRAND JURY CHARGES:

On or about August 4, 2019, in the District of South Carolina, the Defendant, **DAQUA LAMEEK RITTER**, a/k/a "Quavo," willfully caused bodily injury to Dime Doe by shooting Doe in the head because of Doe's actual and perceived gender identity. Defendant, **DAQUA LAMEEK RITTER**, a/k/a "Quavo," employed a firearm that traveled in interstate and foreign commerce; and used a channel, facility, and instrumentality of interstate and foreign commerce, to wit: a cellular telephone, the internet, a car, and highways, in connection with the offense conduct described herein. The offense conduct resulted in the death of Doe;

In violation of Title 18, United States Code, Section 249(a)(2).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about August 4, 2019, in the District of South Carolina, the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** knowingly used and discharged a firearm, a .25 auto caliber handgun, during and in relation to a crime of violence which may be prosecuted in a court of the United States, to wit: a violation of 18 U.S.C. § 249 as charged in Count 1, and caused the death of Dime Doe through the use of the firearm in such a manner as to constitute murder as defined in 18 U.S.C. § 1111, in that the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** with malice aforethought, did unlawfully kill Doe;

In violation of Title 18, United States Code, Section 924(j)(1).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

On or about August 4, 2019, in the District of South Carolina and elsewhere, the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** knowingly engaged in misleading conduct towards another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense; that is, the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** knowingly and intentionally misled South Carolina Law Enforcement Division (SLED) Special Agents and state investigators investigating the shooting death of Dime Doe on August 4, 2019, by providing: a false and misleading account of the Defendant's contact with Dime Doe and Doe's car on August 4, 2019; a false and misleading account of the Defendant's contact with C.M.F., D.P., and others at C.M.F.'s home on the afternoon of August 4, 2019; and a false and misleading account of the Defendant's whereabouts after he left C.M.F.'s home on the afternoon of August 4, 2019. Specifically, the Defendant falsely denied being in Doe's car during a traffic stop by law enforcement on August 4, 2019, in Allendale County, South Carolina, approximately three hours before, and approximately 3.5 miles from where Doe's body was discovered in Doe's parked car with fatal gunshot wounds, when he in fact was present in Doe's car during the traffic stop; the Defendant falsely claimed that he was at C.M.F.'s home for an hour or two on the afternoon of August 4, 2019, when he in fact was not; the Defendant falsely claimed that he was at C.M.F.'s home with C.M.F., D.P., and others, when he in fact was not; and the Defendant falsely claimed to have met K.P. at a location in Allendale, several miles away from where Doe's body was discovered, when he in fact met K.P. at K.P.'s house, less than a mile from the location of Doe's body;

3

In violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

On or about August 15, 2019, in the District of South Carolina, the Defendant, **XAVIER PINCKNEY**, knowingly engaged in misleading conduct towards another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission or possible commission of a Federal offense; that is, the Defendant, **XAVIER PINCKNEY**, knowingly and intentionally misled South Carolina Law Enforcement Division (SLED) Special Agents and state investigators investigating the shooting death of Dime Doe on August 4, 2019 by providing: a false and misleading account of his phone's capabilities and the use of his phone by Defendant RITTER on August 4, 2019; and a false and misleading account of his contact with Defendant RITTER on August 4, 2019. Specifically, the Defendant, **XAVIER PINCKNEY**, (1) falsely stated that he did not have a phone number, when he in fact did have a phone number which was used to call and text Doe's phone on the day of Doe's death; and (2) falsely claimed that he saw Defendant RITTER the morning of August 4, 2019, but did not see him later that day, when he in fact saw Defendant RITTER later in the day on August 4, 2019, the day of Doe's death;

In violation of Title 18, United States Code, Section 1512(b)(3).

4

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

On or about January 19, 2021, in the District of South Carolina, the Defendant, **XAVIER PINCKNEY**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the executive branch of the Government of the United States. Specifically, in a voluntary interview with FBI Special Agents, the Defendant, **XAVIER PINCKNEY**, falsely claimed that he did not see Defendant RITTER on August 4, 2019 after the morning of August 4, 2019, and that Defendant RITTER did not return to W.M.Y.'s house the afternoon of August 4, 2019. In fact, as the Defendant, **XAVIER PINCKNEY**, well knew, he did see Defendant RITTER at W.M.Y.'s house during the afternoon of August 4, 2019;

In violation of Title 18, United States Code, Section 1001(a)(2).

A ___True___ BILL

███████████████████████

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

BY: _/s/ Ben Garner_____
Brook B. Andrews (Fed. ID 10231)
Benjamin N. Garner (Fed. ID 11477)
Elle E. Klein (Fed. ID 12941)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000
Email: Benjamin.Garner@usdoj.gov

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

BY: s/Andrew Manns_____
Andrew Manns
Trial Attorney
U.S. Dept. of Justice
Civil Rights Division, Criminal Section
950 Pennsylvania Ave., NW, 4CON
Washington, DC 20530
Telephone: (202) 598-1581
Email: Andrew.Manns@usdoj.gov

6

RECORD OF GRAND JURY BALLOT

C/R 1:23-24

UNITED STATES OF AMERICA v. DAQUA LAMEEK RITTER, ET AL.

(SEALED UNTIL FURTHER ORDER OF THE COURT)